[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

―――――――――

No. 00-1263

DAVID MICHAUD,

Plaintiff, Appellant,

v.

CITY OF ROCHESTER; MICHAEL MCQUADE, Individually and
Officially; WAYNE PERREAULT, Individually and Officially;
VIRGINIA DOHERTY; Individually and Officially,

Defendants, Appellees.

―――――――――

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

―――――――――

Before

Selya, Lynch and Lipez,
Circuit Judges.

―――――――――

David Michaud on brief pro se.
Donald E. Gardner and Devine, Millimet & Branch on brief for
appellees.

―――――――――

December 27, 2000

―――――――――

**Per Curiam**. Pro se appellant David Michaud appeals from the dismissal of his civil rights complaint. In a report and recommendation dated December 30, 1999, a magistrate judge recommended dismissal for failure to state a federal claim. See 28 U.S.C. § 1915A(a) & (b) (providing for dismissal on preliminary review of prisoner complaints against government officers or employees if the complaints do not state a claim for relief). After reviewing an objection filed by appellant, the district court approved the recommendation in an order dated January 19, 2000, and dismissed the complaint. We affirm.

On appeal, appellant argues that he stated a due process claim for relief, contending that there was state action and that he possessed a property interest sufficient to warrant protection under the Due Process Clause. But the district court did not dismiss the due process claim for lack of state action or the requisite property interest. Adopting the magistrate judge's reasoning, the district court essentially dismissed it under the Parratt-Hudson doctrine. See Parratt v. Taylor, 451 U.S. 527, 541-43 (1981) (rejecting due process claim based on negligent loss of property where defendants' act was "random and

-2-

unauthorized" and there was an adequate state postdeprivation remedy to redress the loss), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (extending the ruling in Parratt to intentionally caused losses of property). In objecting to the magistrate judge's report, appellant did not argue that the magistrate judge had erred in relying on that principle of law. Likewise, on appeal, appellant has not argued that the district court erred in dismissing his claim based on that principle, but argues other points which the district court was apparently willing to assume in his favor. Due to his double default, appellant has waived consideration of the dismissal of his due process claim. See Brown v. Hot, Sexy and Safer Productions, Inc., 68 F.3d 525, 536-37 (1st Cir. 1995) (affirming Rule 12(b)(6) dismissal of due process claim where, both in district court and on appeal, plaintiffs had failed to adequately argue points pertinent to the Parratt-Hudson doctrine); Sands v. Ridefilm Corp., 212 F.3d 657, 663 (1st Cir. 2000) (declining to consider argument on appeal which appellant failed to make in objecting to magistrate judge's report).

As for the equal protection claim, we also conclude that appellant has waived appellate consideration of his claim. In his appellate brief, appellant contends that appellees stole and destroyed his property, knowing that he was incarcerated and indigent. But he failed to present the same factual allegations to the district court when he objected to the magistrate judge's report, and the magistrate judge had recommended dismissing the equal protection claim for lack of adequate supporting allegations. Because appellant failed to present his present argument to the district court, we decline to consider it. See Sands, supra.

Affirmed. See Loc. R. 27(c).[1]

---

[1]We deny appellant's motion for leave to assert, in a hearing, claims of misrepresentation against appellees' attorney. We also deny appellees' request to reconsider the denial of their motion to revoke appellant's in forma pauperis status under 28 U.S.C. § 1915(g). For reasons fully explained in the case law, we conclude that appellant has not accumulated the requisite "three strikes" under the statute. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996) (explaining that a dismissal followed by an affirmance counts as only one strike under § 1915(g) and that dismissals by the district court should not be counted until after a petitioner has exhausted or waived his avenues of appeal); accord Jennings v. Natrona County Detention Ctr., 175 F.3d 775, 779-81 (10th Cir. 1999). In view of our ruling, we deny appellant's motion to strike appellees' motion for reconsideration as moot.